# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DANEZ PAIGE VAGTS,**

        **Plaintiff,**

**-vs-**                                                                        **Case No.  6:14-cv-1740-Orl-DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

## MEMORANDUM OPINION AND ORDER

This cause came on for consideration without oral argument on review of the Commissioner's administrative decision to deny Plaintiff's application for disability benefits. For the reasons set forth herein, the decision of the Commissioner is **AFFIRMED.**

## Procedural History

Plaintiff applied for a period of disability, disability insurance benefits, and Supplemental Security Income, alleging that she became unable to work on November 1, 2007 (R. 304-315, 332). The applications were denied initially and upon reconsideration, and she requested and received a hearing before an administrative law judge ("the ALJ"). At hearing, Plaintiff amended her alleged onset date to May 31, 2009 (R. 33).

On October 22, 2013, the ALJ issued an unfavorable decision, finding Plaintiff not to be disabled (R. 7-26). Plaintiff sought administrative review before the Appeals Council. The Appeals Council denied Plaintiff's request for review (R. 1-6), making the ALJ's decision the final decision of the Commissioner.

Plaintiff timely filed her Complaint (Doc. 1), and the parties have consented to the jurisdiction of the United States Magistrate Judge. The matter is fully briefed and ripe for review pursuant to 42 U.S.C. §§405(g), 1383(c)(3).

## Nature of Claimed Disability

Plaintiff claims to be disabled due to Bipolar Disorder, anxiety, panic disorders and seizures (R. 336).

*Summary of Evidence Before the ALJ*

Plaintiff was 29 years old as of her amended alleged onset date (R. 33-34, 304), with a high school education and some college (R. 33) and past work as a behavioral specialist/psychiatric aide, a daycare worker/teacher's assistant, a cashier/tanning salon attendant, and an office manager (R. 59-60, 337).

In the interest of privacy and brevity, the medical evidence relating to the pertinent time period will not be repeated here, except as necessary to address Plaintiff's objections. In addition to the medical records of the treating providers, the record includes Plaintiff's testimony and that of her husband; testimony of a Vocational Expert ("VE"), written forms and reports completed by Plaintiff, her husband, and her mother; and opinions from non-examining state agency consultants. By way of summary, the ALJ determined that the claimant has severe impairments of controlled seizures, and bipolar disorder, anxiety disorder, and panic disorder (20 CFR 404.1520(c) and 416.920(c)) (R. 12), but did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (R. 312-14). The ALJ next found that Plaintiff had the residual functional capacity ("RFC") to perform:

> a reduced range of medium work as defined in 20 CFR 404.1567(c) and 416.967(c). She can lift and carry 50 pounds occasionally, 25 pounds frequently, and can sit, stand, and walk for 6 hours in an 8-hour workday. She can occasionally climb but must avoid even moderate exposure to hazards. She would have difficulty following detailed instructions but would be able to understand and remember simple instructions. She would perform best in jobs with only occasional supervision and no interaction with the public.

(R. 14).

Relying on the assistance of the VE, the ALJ found Plaintiff was unable to perform her past relevant work (R. 18) but determined that there are jobs that exist in significant numbers in the national economy that the claimant could perform (R. 18-19). Therefore, the ALJ found Plaintiff was not disabled (R. 19).

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

Plaintiff raises two objections to the administrative decision, contending that: 1) the ALJ failed to make findings concerning the side effects of medications Plaintiff takes and failed to include these limitations in the RFC, and 2) the Commissioner failed to sustain her burden of proof that other jobs exist in the national economy that Plaintiff can perform. The Court examines these issues in the context of the sequential assessment used by the ALJ.

*The five step assessment*

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f). The plaintiff bears the burden of persuasion through step four, while at step five the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). Thus, with respect to the objection regarding the formulation of the RFC, the burden was with Plaintiff. The burden shifted to the Commissioner with respect to the finding that Plaintiff could perform other work.

*Medication Side Effects*

The ALJ has a duty to elicit testimony and make findings regarding the effect of prescribed medications upon the ability to work. *Cowart v. Schweiker,* 662 F.2d 731, 737 (11th Cir. 1981). The

-4-

Commissioner's Regulations require the ALJ to consider the side effects and effectiveness of medications. 20 C.F.R. § 404.1529(c)(3)(iv). Here, the ALJ did not make an explicit finding regarding side effects or efficacy of any particular medication; nonetheless, the administrative decision reflects that these matters were fully considered in the formulation of Plaintiff's RFC, and adequate findings were made.

In her decision, the ALJ summarized Plaintiffs claims of disabling symptoms, including claims of side effects from her medications, and found them to be unpersuasive, noting:

> The claimant alleged disability due to bipolar disorder, panic disorder with panic attacks, and seizures (Exhibits 2E, 3E, 4E). At the appeal level, the claimant alleged she had been placed on new **medication which caused side effects** (Exhibit l7E). At the hearing, **the claimant alleged that her medications did not always work**, that she still experienced mood swings, and that she was not able to work due to severe anxiety. The claimant's husband testified and alleged the claimant required constant reminders, had mood swings all the time, would lock herself in her room, and that the claimant had nine to ten days a month in which she could not do anything.
>
> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause **the alleged symptoms**; however, the claimant's statements and the statements of her husband concerning the intensity, persistence **and limiting effects** of these symptoms are not entirely credible for the reasons explained in this decision.

(R. 15 emphasis added).

Plaintiff contends that this finding is insufficient as "symptoms and side effects are two different issues."

As shown by the above excerpt, the ALJ considered Plaintiff's claims of disabling side effects as an alleged non-exertional impairment, to be evaluated pursuant to the pain standard/credibility analysis. There is nothing improper in this approach. *See Heppell-Libsansky v. Comm'r of Soc. Sec.*, 170 Fed. App'x 693, 698-99 (11th Cir. 2006) (applying the pain standard and credibility analysis to allegations of side effects).[1] As support for her finding, the ALJ analyzed the evidence in detail,

---

[1] Cases printed in the Federal Appendix are cited as persuasive authority.

including treatment records regarding Plaintiff's medications, her compliance (or lack thereof) with taking the medications, and the effect of the medications, when she was compliant (R. 15-17). The ALJ cited to treatment notes indicating that Plaintiff was doing "extremely well on Seroquel" and "reported she was doing significantly better, was not having mood swings or racing thoughts, and that her sleep and appetite were stable" (R. 16). On her properly adjusted medications, Plaintiff reported feeling "much better" or with "no complaints" (R. 16-17). Indeed, the ALJ observed that Plaintiff was most symptomatic on those occasions when she was *not* on her medication, noting:

> The record only reflects a short hospitalization for the claimant's mental condition, and it is noted that the claimant was not taking her medications at the time. The record reflects that the claimant's medications are helpful and she has reported to mental health providers that her symptoms have improved. Treatment notes from Seminole Behavioral Healthcare also reflect improved symptoms and as of her last recorded visit the claimant was in a pleasant mood and reported doing much better.

(R.17).

These findings are supported by the substantial evidence cited. While Plaintiff cites to her testimony regarding side effects and relies on reports and pharmacy information sheets submitted to the Commissioner (Doc. 17, pp. 22-23), the treatment notes do not include reports of continued or disabling side effects. *See, e.g.,* R. 444 ("Any side effects reported .... No"); R. 567 ("Denies any side effects from medication"). Although Plaintiff occasionally reported difficulties with certain medications, the records show that when she did complain of a side effect, her medications were promptly adjusted. *See, e.g.,* R. 720, 732. As the ALJ fully considered Plaintiff's allegations regarding her medications and made findings which are supported by substantial evidence, no error is shown.

*Vocational findings*

The VE, an impartial expert, testified that he was familiar with jobs that exist in the region and the national economy (R. 59) and utilized the United States Department of Labor Occupational Employment Survey estimates as a basis for his testimony (R. 62-65). Plaintiff contends that the ALJ

erred in relying on the testimony of the VE, as he "lied" to the ALJ. Plaintiff also contends that the testimony is otherwise unreliable in that the VE did not have "firsthand" experience to support his opinion, but based his testimony on an inadequate estimation of jobs from the Occupational Employment Survey (Pl.'s Br. at 14-21). The objections are without merit.

There is no support for Plaintiff's repeated insistence that the VE "lied." The record shows that the VE testified to an initial estimate of jobs set forth in the Employment Survey, which he later reduced, in response to counsel's more specific questioning (R. 64-70). As counsel should know, an assertion that a witness lied under oath requires a showing of *knowingly* false testimony, meant to mislead. There is no such showing here.

The remaining objections are also unpersuasive. The Commissioner bears the burden of establishing that there are sufficient jobs in the national economy that the claimant can perform given her age, education, work experience, and RFC. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "The Commissioner 'may rely solely on the VE's testimony' in making this decision." *Pena v. Comm'r of Soc. Sec.*, 489 Fed. App'x 401, 402 (11th Cir. 2012), *quoting Jones v. Apfel*, 190 F. 3d 1224 (11th Cir. 1999). When a VE testifies about the availability of jobs "statistical specificity is not required." *Pena*, 489 Fed. App'x at 402. There is no requirement that the VE have personal "firsthand" knowledge of every available job. *See Leonard v. Comm'r of Soc. Sec.*, 409 Fed. App'x 298, 301 (11th Cir. 2011) (*quoting Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005): "A VE's recognized expertise provides the necessary foundation for his or her testimony. Thus, no additional foundation is required."). A VE may opine as to an approximation or estimated number of jobs, *Bryant v. Comm'r of Soc. Sec.*, 451 Fed. App'x 838, 839 (11th Cir. 2012) (no error in VE's formulation in testifying as to an "approximate percentage" of jobs), and "[l]abor market surveys are a type of source on which VE's frequently rely." *Curcio v. Comm'r of Soc. Sec.*, 386 Fed. App'x 924, 926 (11th Cir. 2010).

The ALJ allowed (and referenced) counsel's vigorous cross-examination of the VE, but found no basis to disqualify the VE or discount his testimony (R. 19).[2] Because this finding is in accordance with proper legal standards and a reasonable person would accept the VE's testimony as being adequate to support a conclusion that Plaintiff is able to perform other work that exists in the national economy, the ALJ's Step Five findings are supported by substantial evidence.

## Conclusion

Although it is evident that Plaintiff has challenges and difficulties on many fronts, the only issue before the Court is whether the decision by the Commissioner is adequately supported by the evidence and was made in accordance with proper legal standards. For the reasons set forth above, the Court finds that to be the case. As such, the administrative decision is **AFFIRMED.** The Clerk is directed to enter judgment accordingly, terminate all pending matters, and close the file.

**DONE** and **ORDERED** in Orlando, Florida on November 4, 2015.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[2]The ALJ found:
The claimant's representative objected to the testimony of the vocational expert and there was a lengthy discussion about his qualifications regarding how many people he had placed in jobs. The vocational expert has been found to be qualified by the Social Security Administration and while the objections were noted, there was no basis to disqualify his testimony.
Based on the testimony of the vocational expert, the undersigned concludes that, considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy.

(R. 19).